THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TOWLER, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 16, 1967, reversed, on the law and in the interests of justice, and case remanded to the trial court for proceedings not inconsistent herewith. The findings of fact below are affirmed. On the record before us, we find the following: Defendant was offered youthful offender treatment on condition that he plead guilty. Maintaining his innocence, he refused to plead guilty. The court refused him youthful offender treatment because of his failure to so plead. Defendant stood trial before a jury as an adult, was convicted of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and was sentenced to Elmira Reception Center for an indefinite term. In our opinion, under title VII-B of part VI of the Code of Criminal Procedure the court must determine eligibility for youthful offender treatment solely on the basis of, and at the termination of, investigations, examination and questioning. Once eligibility is determined, the court can require the defendant to enter a plea of "guilty" or "not guilty" to the charge of being a youthful offender. The statute does not give the court the power to require a plea prior to the determination of eligibility or to condition such determination on the willingness of the defendant to plead guilty or not guilty. To construe the statute otherwise would render it unconstitutional. Depriving a defendant of a constitutional right or requiring him to waive a constitutional right in return for beneficial treatment would " chill the assertion of constitutional rights by penalizing those who choose to exercise them" (*United States* v. *Jackson,* 390 U. S. 570, 581; cf. *Nieves* v. *United States,* 280 F. Supp. 994; *Matter of Gault,* 387 U. S. 1). It has been argued that, though the interposition of the condition to youthful offender treatment was improper, there was no causal relationship between the improper condition and the judgment of conviction, and therefore no reversal of the judgment is mandated. We cannot agree. The alternatives presented to defendant deprived him of the right to stand trial on the charge of being a youthful offender. An adjudication as a youthful offender would have had, *inter alia,* the following advantages to the defendant: he would not be denominated a criminal; he would not be disqualified from public office or public employment; he would forfeit no right or privilege; he would not be disqualified from receiving any license granted by public authority; and the determination would not be deemed a conviction and would have no effect upon future multiple offender treatment. This is in marked contrast to the consequences to defendant arising from the judgment of conviction of the crimes charged in the indictment. He is now a convicted felon with the resultant infirmities. He is denominated a criminal and is subject to future multiple offender treatment. Even his

sentence to an indefinite reformatory term has a higher maximum under the judgment of conviction than it would have had if he had been adjudged a youthful offender — under the former the maximum is five years' commitment and under the latter the maximum is three years' commitment. Due to the improperly imposed condition, defendant, by maintaining his innocence, was forced to expose himself to the far more serious consequences of a judgment of conviction in order to exercise his constitutional right to trial. The judgment may not stand. Further, we have examined the report of the Probation Department. In our opinion, a determination that defendant is ineligible for youthful offender treatment would be an improvident exercise of discretion (cf. *Matter of Tschornyi* v. *County Court of County of Tompkins,* 283 App. Div. 910). Therefore, we direct that defendant be afforded youthful offender treatment in any subsequent proceedings. Beldock, P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.